### GEORGE LUCKETT *v.* COMMONWEALTH.

**Criminal Law—Gaming.**

> Where one is indicted for permitting a faro-bank to be set up on premises in his occupation and in his control, he cannot be convicted under such charge, when the evidence shows that he has rented the property in good faith to another, although he rented it for the express purpose of its being used for gaming purposes, but is guilty, if guilty at all, of the offense of leasing the room to be used for the purpose of setting up a faro-bank.

APPEAL FROM DAVIESS CRIMINAL COURT.

February 13, 1878.

OPINION BY JUDGE COFER:

The appellant was indicted for the offense of permitting a faro bank to be set up on premises in his occupation and in his control. The defense was that the room in which the faro bank was proved to have been set up had been rented to Hughes, and that it was in his occupation and under his control.

If the alleged renting to Hughes was not in good faith, and the occupancy or right of control still remained in the appellant, then the alleged renting constituted no defense. But if the renting was bona fide, i. e., if the appellant ceased to occupy or control the room, and surrendered both to Hughes, he cannot be convicted under this indictment of the offense charged, although the room may have been rented to him for the express purpose of being used as it was, but is guilty, if guilty at all, of the separate offense of leasing the room for the purpose of being used to set up a faro bank.

The court, therefore, erred in instructions B and C, in saying, in effect, that if the appellant allowed Hughes to occupy or control the room for the purpose of setting up a faro bank, and surrendered it to him with knowledge that he would so use it, the jury should find him guilty.

The real test under this indictment is whether the room was in the occupation or control of the appellant at the time Hughes kept a faro bank in it, or whether the appellant had rented it to Hughes

and had surrendered control over it to him. If the alleged leasing to Hughes was a mere devise and sham for the purpose of evading the law, and appellant in fact retained control of the room, he is guilty. If, however, he leased the room to Hughes and surrendered all control over it to him, then the appellant is not guilty of the offense charged; but if he rented the room to Hughes for the purpose of setting up a faro bank, he is guilty of a different offense, and cannot be convicted under this indictment.

The mere impression of the witness, McMurtry, that the appellant was controlling the room where faro was being dealt, without any facts by which the impression was produced, was incompetent. That was a fact which in its nature was susceptible of proof otherwise than by the mere unsupported opinion of a witness, and in respect to which mere impressions were of no value.

The commonwealth having asked the appellant upon cross-examination whether he had rented the room to Hughes, he had a right to state the purpose for which Hughes, at the time of renting, professed that he wanted it, and his answer to that question might have been important, especially in view of the instruction given by the court that if the renting to Hughes was not in good faith, the occupancy by him must be regarded as the occupancy of the appellant.

Wherefore the judgment is *reversed* and the cause is remanded for a new trial upon principles not inconsistent with this opinion.

*W. N. Sulling, for appellant. Moss, for appellee.*